*Harrison & McGrain, B. F. Camp, W. R. Abbott,* for appellees.

---

JULIA A. COLLINS ET AL. *v.* J. M. RICHART ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—332.]

**Vendor's Lien on Land.**

A vendor who conveys real estate and puts the vendee into possession, reserving a lien for purchase-money, holds such lien upon the land and not upon the rents or profits.

**Receiver Accounting for Rents.**

Where a vendor of real estate wrongfully has a receiver appointed, who takes possession of the land and rents it, dispossessing the vendee, but on appeal the appointment of the receiver was held to be wrongful and he was ordered to return the possession of the land to the vendee, such vendee is entitled to recover from the receiver the rents collected by him during the time of his possession.

APPEAL FROM BATH CIRCUIT COURT.

October 20, 1881.

OPINION BY JUDGE HARGIS:

On a former appeal this court decided that the appointment of a receiver to take charge of and rent out the lands which appellees sought to subject to the payment of their alleged vendor's lien was illegal, and reversed the cause for that error. It was said in the opinion that "the vendor who conveys and puts his vendee in possession, reserving a lien for purchase-money, reserves that lien upon the land and not upon the rents or profits." The right to use and occupy the land is in the vendee, and the vendor must look to the land and to a personal judgment for satisfaction of his demand. *Collins v. Richart,* 14 Bush (Ky.) 621.

On the return of the cause the motion of the appellant, Julia A. Collins, for restitution of the possession of the land, which appears to have been conveyed to her, was sustained and a writ of possession awarded to her against the receiver who had taken possession and rented and collected the rent for it during the two years the controversy over his appointment was pending. But her motion to compel the receiver to pay her the accumulated rents was denied, and she again appeals.

As she was entitled to the use and occupancy of the land the unauthorized appointment of a receiver can not sanctify his acts and render effectual what the court has declared illegal and an invasion of her right of use and occupancy. If such were the case an illegal proceeding would often prove as effectual to reach and subject property not embraced by a lien, as the valid order of a court of justice. She was entitled to the use and occupancy during the period the receiver rented the lands, and it inevitably follows that she is entitled to the value of that use and occupancy, and therefore the court should have adjudged that the rent be paid to her.

The question which arose out of the appointment of the receiver has been judicially determined, and the consequences flowing from that act can not be affected by evidence of the improper cultivation or threatened injury to the land which would have been relevant on the motion to appoint the receiver in the first place. Such facts can not now operate to deprive her of the rent which accrued during the time the controversy, which has been determined, was pending. The illegality of the

receiver's appointment has been settled, and it can not be opened again to hear evidence that might have been adduced, for the purpose of altering the necessary result of the decision.

Wherefore the judgment is *reversed* and cause remanded with directions to sustain her motion for the rent.

*Wm. Lindsay, Reid & Stone, for appellants.*

*J. S. Hurt, B. D. Lacy, for appellees.*