## Burke v. Burke.

(Decided March 16, 1937.)

J. A. RUNYON for appellant.

W. W. BARRETT for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant and appellee, plaintiff and defendant

respectively below, were married in 1925, and lived together until October, 1935, when they separated, and appellant instituted an action for divorce on the ground of cruel and inhuman treatment. She did not ask for alimony, but asked for the custody of their three children, then aged five, three, and two years, respectively, and for an allowance for their support. The plaintiff was awarded the divorce she sought, and the defendant was given the care, custody, and control of the three children subject to the right of the plaintiff to visit them at reasonable times. The judgment further recited that the court reserved the right, upon plaintiff's request, to allow her from time to time to take the children with her and have them visit with her for reasonable lengths of time. All of the children are boys. The plaintiff has appealed from so much of the judgment as awards the custody of the children to the defendant, and she insists that she, the mother, is the proper person to have the care of the children because of their tender years; there being no evidence that she is unworthy of the trust.

This court has repeatedly stated that the welfare of the children will control in matters of this character. The wishes of the parents are secondary. Ordinarily, where the parents are divorced, the custody of children of tender years, particularly if they are girls, will be awarded to the mother upon the ground that their welfare will be best served by receiving her affectionate care and attention. This rule, however, is not inflexible. There are circumstances under which the best interests of the children will be served by giving their custody to the father, though the mother is morally a fit person for the trust. The question must be determined by the facts of the particular case. As was said in Preston v. Preston, 227 Ky. 561, 13 S. W. (2d) 751, 752:

"Every case of this character must stand alone, and the circumstances surrounding the parties and the facts disclosed must all be considered for the purpose of reaching a conclusion as to what is for the best interest of the child. Such cases are always difficult, and while it may be the general rule that the father should have the custody of the child if he is a fit person because it is his duty to maintain it, yet that rule is not without its exceptions.

If the mother is better fitted to bring up the child than the father, the mere fact that he is the one who should support it should not outweigh the claims of the mother when she has proven her ability to do the things which are necessary to bring up the child in a way entirely satisfactory.''

So far as this record discloses, both appellant and appellee are morally fit persons to have the care and custody of their children. They are well educated, and both have been engaged in teaching in the rural schools of Pike county. Appellee's earnings are not sufficient to support himself and furnish an allowance that will enable appellant to care for the three children properly. They are now with appellee's parents, who have considerable means, are persons of fine character, and are willing and able to care for them in a suitable manner. The appellant taught school three years during her married life, and after she and her husband separated was employed in Pikeville, but when her last deposition was taken she was unemployed. She stated that she would take her children to her parents' home, if given their custody, and would live there with them until she obtained employment and was able to establish a home of her own. Her parents are elderly, live in a small three-room house in a remote section of the county with other members of the family, and are unable financially to care for the children.

Under all the facts and circumstances, we cannot say that the chancellor erred in declining, at this time, to take the children from the father. In awarding the custody of children, a very large discretion must be permitted to the chancellor. He knows the witnesses and the circumstances, and is in a better position than this court to determine what disposition of the care and custody of the children will best promote their welfare. Here, the father is in position, through his parents, to provide a good home for the children, and to cause them to be surrounded with proper influences attended with the care and training to which their parents' station in life entitles them. The judgment provides that, upon her request, the appellant may take the children and keep them with her for a reasonable length of time. If her circumstances change and she is able to provide a suitable home for the children, the chancellor, no doubt, will give a sympathetic hearing

to a motion to alter the judgment. The court has jurisdiction to amend, change, or alter any provisions of the judgment respecting the care, custody, or maintenance of the children of the parties as the circumstances of the parents and the welfare of the children may require. Belknap v. Belknap, 265 Ky. 411, 96 S. W. (2d) 1012; Harmon v. Harmon, 264 Ky. 315, 94 S. W. (2d) 670; Skidmore v. Skidmore, 261 Ky. 327, 87 S. W. (2d) 631; Walden v. Walden, 250 Ky. 379, 63 S. W. (2d) 290; Middleton v. Middleton, 218 Ky. 398, 291 S. W. 359.

The judgment is affirmed.