# Horton v. Horton.

Sept. 26, 1941.

Chester D. Adams and Paul H. Mansfield for appellant.
Strother Kiser for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The details of the domestic tragedy out of which this litigation arose are fully recited in our opinion reported in 276 Ky. 104, 122 S. W. (2d) 793. In that opinion we held that the evidence sustained the appellant's charge that appellee had been guilty of such lewd and lascivious conduct as proved her to be unchaste, and directed that he be granted an absolute divorce on that ground. However, we declined to pass upon the property rights of the parties or the custody of their infant daughter, born in 1929, since the Chancellor had reserved these questions for further consideration. The present appeal involves primarily the custody of the child which the Chancellor, over the protest of both parents, awarded to Sayre College. Other questions are involved, and those which are material we shall review in the order presented in the report of the Deputy Commissioner to whom the Chancellor referred the action upon its return to the Circuit Court.

It would serve no useful purpose to record here the testimony heard by the Commissioner which led him to the conclusion that neither parent should be awarded the infant's custody. It is sufficient to say that we have read it with great care and concluded that the best interests of the child would be promoted by carrying out the Commissioner's recommendation. Nothing is shown against the moral character of the father, but his concept of the conditions and influences which should surround a girl of tender years, as manifested by the accommodations with which he provided her when she was at his home, is not such as would lead the Court to believe that his influence and example would be conducive to the acquisition by his daughter of those niceties and refinements which are so essentially a part of ideal womanhood. Since he is amply able to provide those things necessary to his daughter's welfare, and apparently loves her, no obstacle exists to the application of the principle that the welfare of the child should govern our decision.

Neither do we find it necessary to base our denial of the mother's claims to her child's custody upon the ground of her previous misconduct. Many witnesses testified that her conduct is beyond reproach, although there is some slight testimony indicating that she has not broken completely the relationship which formed

the basis of the charges leveled against her by her husband. Granted that she is now leading a proper life and would do her utmost for her child's welfare, the fact remains that she is without property or means of any kind, is living in two rooms with a daughter born of a previous marriage, and could not, no matter how good her intentions, provide the surroundings or atmosphere to which her younger child is entitled because of the ability of the father to supply them. The Commissioner's reasons for selecting Sayre College as the proper custodian and his recommendations with respect thereto, which the Chancellor incorporated in his decree, and which we adopt as reflecting the proper disposition of the controversy, are as follows:

> "LaFern Horton has been for some time a pupil at Sayre College. She testified before your Deputy Commissioner that she likes to go to Sayre College; she loves her teachers and associates, and, in my opinion, she should continue her education in that institution, and I believe it would be to her best interest for the Court to place her in Sayre College and give them the care and custody of her for the present. I, therefore, recommend that she be placed in Sayre College; that the plaintiff and defendant be permitted to have her with them on alternate weeks, at such time as may be fixed by this institution so as not to interfere with her studies."

It follows, of course, that the appellant will be required to pay the board and tuition of his daughter and supply her with such necessities and incidentals as may be recommended by that institution or which the Chancellor may deem proper in the event of a dispute.

The Commissioner recommended that appellant be required to pay $8 per week for the maintenance of the child during the time she was in appellee's custody, and pursuant to this recommendation, the Chancellor awarded appellee the sum of $136 covering the period from January 1 to May 1, 1939. Apparently the $8 per week was to continue until final arrangements were made with Sayre College. The appellant excepted to so much of the judgment as awarded appellee the $136 referred to, but has presented neither authority nor argument in support of his exception. An allowance of $100 to one C. E. Norman for appraising appellant's real estate in order that he might testify as a witness for appellee was

also excepted to, but Norman was not named as an appellee in the statement of appeal, nor have we jurisdiction to review an award of $100. Obviously, we are not called upon to comment further upon either of the two awards last referred to.

The Commissioner recommended and the Court allowed appellee $500 as the value of furniture of which appellee was possessed at the time of her marriage to appellant and which the latter exchanged in part payment for other furniture. While the proof respecting the value of the furniture and the circumstances surrounding its acquisition and disposition is contradictory, vague, and unsatisfactory, appellant's counsel have not seen fit to aid the Court in arriving at a proper solution of the questions involved, but have contented themselves with an assertion ''that the evidence failed to show that Appellant obtained any property through the marriage relation which he has not returned to the Appellee.'' Under the circumstances we do not feel justified in interfering with the Commissioner's finding on this subject.

Appellee's attorney sought an allowance, and was awarded by the Commissioner an attorney's fee of $1,200 in addition to the $750 allowed him prior to the present appeal. The affidavits filed with the Commissioner in support of his claim are not before us. The Chancellor reduced the allowance to $500, and all parties concerned excepted, the appellant on the ground that no additional award should have been made, and appellee and her attorney on the ground that it is insufficient. It is true that a divorced wife is not entitled to an allowance for the conduct of litigation subsequently instituted by her against her divorced husband, but we are unable to determine from the record presented what portion, if any, of the allowance was for services rendered appellee after the case had been returned to the Circuit Court. Moreover, the subsequent litigation was rendered necessary by the declination of the Court to direct a final judgment on the former appeal. Unquestionably, appellee's counsel rendered able and difficult services throughout the litigation, but since the affidavits on which the allowance was based are not before us, and appellant has already been subjected to heavy expense, we are not inclined to disturb the Chancellor's finding.

Judgment affirmed on the original appeal, and upon the cross-appeal of the appellee and her attorney.