## Slusher v. Slusher

Oct. 20, 1944.

W. J. Stone, J. H. Taylor, and D. M. Bingham for appellant.

John D. White for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

This appeal presents the question, which of the divorced parents are entitled to the custody of three small sons whose ages are six, five and three years? The chancellor gave the custody of the children to the mother, and the father appeals.

The record is rather incomplete and to add to our difficulty, appellee does not favor us with a brief. The judgment granting the father a divorce and the custody of the children does not appear in the record. There was an order entered at the same term the divorce judgment was rendered which directs that so much of the divorce judgment as granted the custody of the children to their father be set aside. Thereupon, the mother filed answer and counter-claim averring that the father was not a proper person to have the custody of the children and that she was.

The father gave notice he would take depositions at his attorney's office in Pineville, Bell County, on October 15, 1943, and continue from day to day until through. But the record fails to show whether or not this notice was served. On October 16th, the mother had notice served on the father that she would take depositions on October 18, 1943, at the office of her attorney in Manchester, Clay County. The father did not complete taking his depositions on the 16th and adjourned the taking over until the 18th, the 17th being Sunday. As a consequence neither party attended the other's taking and there was no cross-examination of witnesses.

While no motions to strike appear in the record, the judgment appealed from recites each party's motion to strike the other's depositions was overruled. Appellant insists that the court should have sustained his motion to strike appellee's deposition, since her notice fixed

a day for her taking at another place and on the same day on which he was taking depositions. As the record fails to show whether or not appellant's notice to take depositions was served, we do not deem it necessary to determine whether the rule is applicable as enunciated in Collins v. Richart, 14 Bush 621, 77 Ky. 621, that a notice to take depositions is insufficient if it fixes the same time the adverse party is taking in the same case at another place.

The father's evidence shows that he is a coal miner, earning more than $200 per month and makes his home in Kenvir, Kentucky, with his uncle and aunt, his foster parents. His foster father earns an income about equal to appellant's and it is shown that the home is comfortable and wholesome; that the present three occupants are moral, upright people, and are devoted to these children. Appellant's evidence further shows that the mother of the children is in Cincinnati and they have been put by her in the home of her parents in a remote section of Clay County; that the roof leaks and the house is cold and uncomfortable; that the home is crowded and the children do not receive proper care and attention and are subjected to unsavory influences. It was further testified that it is difficult for the six-year-old child to reach school over the route he must travel. If appellant's evidence is true as to the manner in which appellee is earning a living in Cincinnati, and the life she is leading there, she is not a fit and proper person to have the care and custody of the children.

The mother testified that it was necessary for her to seek employment in Cincinnati to support the children, as the father had failed to meet this obligation and it was necessary for her to leave them with her parents while she was temporarily absent. However, it is significant that neither she nor any of her witnesses mention in what line of endeavor she is engaged in Cincinnati. Nor do they give any facts or circumstances showing the living conditions in the home of Joe Rawlings, the maternal grandfather of the children. The gist of the evidence of appellee is that since the divorce appellant has paid only $10 toward the support of the children, while she is sending her parents $10 a week for the support of the children and that these grandparents are willing to keep and care for them. It is strange that the judgment granting the mother custody of the chil-

dren makes no provision that the father should support them although his earnings are more than $200 per month and it is not shown he has other dependents or obligations.

Where parents are divorced the custody of children of tender years is ordinarily given to the mother because she is best suited by nature to care for them. In determining who shall have the custody of minor children, the invariable rule is that courts are governed by the welfare of the children, and each case must be determined on its own facts. Burke v. Burke, 267 Ky. 734, 103 S. W. 2d 291; Partin v. Partin, 270 Ky. 596, 110 S. W. 2d 298; Taylor v. Trosper, 275 Ky. 259, 121 S. W. 2d 41; Horton v. Horton, 287 Ky. 586, 154 S. W. 2d 550.

The record shows that the children will receive love, affection and the best of care in the comfortable and uncrowded home of their father. The mother and her witnesses did not give us a picture of the living conditions in the Rawlings home, nor what treatment will be accorded the children there, but the father and his witnesses paint it as being dismal and unsavory. Also, the school is more accessible to the children from the father's home than from that of the maternal grandparents. The mother is making her home in Cincinnati, away from her children. As the children are situated at present, they have the guidance of neither parent.

After a careful consideration of all the facts presented in this record, we are forced to the conclusion that the welfare of the children will best be served by placing them in the custody of their father.

The judgment is reversed with directions that one be entered granting the custody of the children to the father with the privilege of the mother visiting them at reasonable times and places.