## Ragland v. Ragland et al.

April 17, 1945.

J. Smith Hays and William Hays for appellant.

Rodney Haggard for appellees.

Opinion of the Court by Van Sant, Commissioner —Affirming.

The appeal granted below is from a judgment rendered January 29, 1944. Appellant prays appeals from judgments rendered in the same case at the September, 1941, term and the April, 1942, term of the Clark Circuit Court. The original action was instituted by appellant, Bettie Howie Ragland, against her then husband, Roy N. Ragland. She prayed for a judgment for permanent alimony and for maintenance for the infant child of the parties; that she be awarded custody of the child; and for her costs, including a reasonable attorney fee. The judgment on this petition was entered September 24, 1941; therein alimony was denied, and maintenance of Fifteen Dollars ($15) per month was allowed for the support of the infant child. Appellant was awarded the custody of the child until the December, 1941, term

of the Court; the privilege being granted to the child's paternal grandparents, Mr. and Mrs. William Franklin Ragland, to have the child visit in their home one day each week from 8:00 o'clock A. M. until 6:00 o'clock P. M., until the final disposition of the case. In December, 1941, appellant filed an amended petition, wherein she prayed judgment of divorce from the bonds of matrimony with her husband, and that she recover one Hundred Twenty Dollars ($120.00) per month for alimony and maintenance of the infant child; she further prayed for costs, including a reasonable attorney fee. Judgment on the amended petition was rendered on the fourteenth day of April, 1942. The judgment granted appellant a divorce; adjudged that the husband be required to pay certain accounts for medical services rendered appellant; awarded her Eighty Dollars ($80) for an attorney fee; but denied alimony in any sum. Thereafter, appellant filed a motion, which was treated by the Court as an amended petition, wherein she alleged that Mr. and Mrs. Ragland, the paternal grandparents of the infant child, had taken the physical custody of the child and refused to deliver her to appellant. In this pleading appellant asked the Court to restore to her the care and custody of the child, and that the order allowing Mr. and Mrs. Ragland to have the child visit them be revoked. Mr. and Mrs. Ragland were served with summonses and thenceforth defended on the issues raised. Thereafter, appellant moved the Court to issue a rule against Mr. and Mrs. Ragland to show cause why they should not be punished for contempt of Court for having taken the child in violation of the Court's order. The rule was denied. The Court finally entered an order January 29, 1944, in which he awarded William Franklin Ragland the care, custody, and control of the infant; with the privilege of appellant, who then had removed to Louisville, Kentucky, to keep the child with her upon such visitations to Winchester, Kentucky, as she thereafter might make, not exceeding six days at any one time. In the meantime, the father of the child had been inducted into the United States Army. The Court allowed an additional attorney fee of Twenty-Five Dollars ($25) to appellant, to be taxed as costs and paid by the defendant, Roy Ragland, upon his discharge from the Army. The Court overruled the motion for an increased allowance, and provided that the allowance of Fifteen Dollars ($15) per month previously awarded be set

aside, so long as Mr. Ragland retained the care and custody of the child.

The questions raised in respect to the judgments of September 24, 1941, and April 14, 1942, have been presented too late for our consideration, two years having transpired from the time those judgments were entered before the appeals were prayed in this Court. Therefore, appeals from those judgments must be denied. The only questions we may consider are the complaints made in respect to the judgment entered in January, 1944. These complaints appear to be: (1) The Court erred in overruling appellant's motion to require Mr. and Mrs. William Franklin Ragland to advance to appellant the costs of taking, transcribing, and filing evidence taken in her behalf; (2) the Court erred in overruling appellant's motion that Mr. and Mrs. Ragland be required to pay appellant's attorney fees for services rendered after the judgment of divorce was entered, and the attorney fee awarded appellant at the cost of her husband was inadequate; (3) the Court erred in awarding to Mr. Ragland the care, custody, and control of the infant; and (4) the Court erred in not increasing the allowance to appellant for the maintenance of her infant child.

Under the provisions of KRS 453.120, in an action for divorce and the custody of infant children between husband and wife, the Court will require the husband to advance the money for, and pay the costs of, transcribing evidence taken by the wife in her behalf, where the wife does not have ample estate to pay therefor. But where the action is between a parent and a third party, the Court is without power to require either litigant to advance to the other any sum for the payment of costs, or to require a successful litigant to pay the costs of the unsuccessful party. KRS 453.040. Therefore, the Chancellor did not err in overruling appellant's motion to require Mr. and Mrs. Ragland to pay for the transcription of the evidence taken in her behalf. Neither did he err in overruling appellant's motion to require Mr. and Mrs. Ragland to pay the additional fee allowed by the Court to appellant's attorneys for services rendered after the judgment of divorce was entered. The Court adjudged the costs of the action incurred after the judgment of divorce was entered to be paid by appellant's husband; and complaint is made that the allowance for attorney fees is inadequate. The services rendered ap-

pellant by her attorneys after the judgment of divorce was entered were services rendered in her controversy with appellees, Mr. and Mrs. Ragland, and not in any controversy between appellant and her husband; therefore, the Court erred in awarding any amount for attorney fees to be taxed as costs against the husband. But since no cross-appeal has been filed, that part of the judgment must stand.

By far the most important question presented is the correctness of the Chancellor's award of the care, custody, and control of the infant involved in the action. In our determination of this question, we have not been unmindful of the serious consequences of the decision, whatever it might be. The custody of infants, especially those of tender years, will not be wrested from the mother, unless it is manifest that such action will inure to the benefit of the child. But the child's benefit is the sole consideration upon which the decision must rest. Slusher v. Slusher, 298 Ky. 400, 182 S. W. 2d 972. This record fails to convince us that appellant has been guilty of moral turpitude to any degree; but it does establish that, at the time of the trial, she was neither mentally nor financially able to assume the responsibilities imposed upon one entrusted with the care of an infant. The evidence is uncontradicted that appellant's mentality does not exceed that of a girl ten years of age; that since her divorce she has been employed as a waitress in various restaurants in Winchester, Lexington, and Louisville. In the position she held at the time she testified, she worked four days a week from 8:00 o'clock in the morning until 7:00 o'clock in the evening; the remaining three days she worked from 11:00 o'clock in the morning until 7:00 o'clock in the evening. During those periods of time she entrusted the care of her daughter to her mother, and the evidence shows that this arrangement resulted in the child's neglect. On one occasion, one of the neighbors found the child at or near the stockyards in Winchester, and carried her to her home. Many witnesses testified that the child on most occasions was not only "dirty", but "filthy". These conditions have not been created entirely by appellant herself. In the judgment granting her a divorce, the Court should have awarded her alimony. Had this been done, it would have been possible for her to maintain herself and child in a manner which would justify awarding her the custody. But we are powerless to correct this error, be-

cause we have no jurisdiction of that question at this late date. We must review the decision in the light of the conditions shown to exist at the time the judgment was entered, and not in the light of conditions which might have existed under other circumstances. The evidence shows that Mr. and Mrs. Ragland live in a seven-room bungalow on a valuable and productive farm; their home is equipped with all modern improvements; and in their custody the child has been receiving every care necessary for her moral, mental, and physical welfare. Counsel for appellant suggests that since the appeal was filed in this Court appellant has remarried. It is altogether probable that she now is in position to establish her right to be awarded the custody of her child; her rights in this respect will never end. But under the present showing, we are not inclined to disturb the decision of the Chancellor that the child's welfare will best be served by awarding the custody to the paternal grandparents. Nor, under the present circumstances, do we think we should disturb the award he has made for the maintenance of the child during such time as she may be with her mother. Her visits with her mother, who was working in Louisville at the time of the trial, would be so infrequent and of such short duration as to render the amount of the award inconsequential. However, if a showing be made in the future which would justify restoring the permanent custody of the infant to her mother, the Court should increase the award in such amount as may be shown to be necessary to maintain the child in its proper station in life under the circumstances then existing.

The judgment is affirmed.