## Roberts v. Roberts.

May 28, 1946.

Tanner Ottley and Carroll M. Redford for appellant.

J. C. Carter, Jr. for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing in part, affirming in part.

Wallace and Mary Roberts were married in 1928. They both come of highly respected and well-to-do families. When this action was filed by the husband in 1945 the couple had two daughters, one 11 and the other 5 years of age. The ground upon which Wallace sought a divorce was that his wife had habitually behaved toward him in such a cruel and inhuman manner as to indicate a settled aversion to him. In her counterclaim Mrs. Roberts also sought a divorce. Both parties asked custody of the children. The chancellor awarded Wallace a divorce, granted him the custody of the children, and awarded Mrs. Roberts $3,500 as alimony. On this appeal Mrs. Roberts is contending that she should have been awarded a divorce, and, therefore, seeks additional alimony. She also wants custody of the children.

Apparently, the parents of Wallace were not pleased with his marriage, because they refused to permit the couple to enter their home shortly after the marriage, but upon the following day they became reconciled and sent for the couple and made an agreement with Wallace under which he operated his father's farm. While there is little or no evidence tending to show that Wallace's parents mistreated Mrs. Roberts, she seems to have continued to resent their actions on the day of her marriage. Mrs. Roberts suffered ill health about two years before the action for divorce was filed and spent a short time in a sanatorium in Tennessee. She says, however, that she has fully recovered now. Her story is that Wallace mistreated her and first took the older child to live with his parents and then the younger one, and refused to permit them to live with her. On the other hand, the testimony for Wallace shows that he did a substantial part of the housework, including the washing, ironing and cooking, and that before and after Mrs. Roberts' stay in the sanatorium she would not cook sufficient food for the family or look after the children's clothes. He said his wife frequently abused him and struck him. He said also that she frequently whipped and abused the older child, apparently because she would not support her mother's stories of mistreatment on the part of Wallace's mother. The older child testified in support of Wallace and substantiated his story as to the matrimonial difficulties of her parents. She said she desired to

live with her father in the home of her grandparents and wanted her younger sister to stay with them. Mrs. Roberts was making her home with her father in Tennessee at the time of the institution of this action.

The record shows that Wallace has an estate of some $16,000, about half of which was given him by his father. He appears to be industrious and to have been successful in his farming operations. There is evidence showing that Mrs. Roberts contributed $500 to the house furnishings when the couple started housekeeping. The chancellor took this fact into consideration in making the award of $3,500 to her.

We are not prepared to say from our examination of the record that the chancellor erred in granting Wallace a divorce. Under the circumstances, it was not proper to make an award of alimony in a lump sum, but since there is no cross-appeal we pass that question.

As pointed out in Burke v. Burke, 267 Ky. 734, 103 S. W. 2d 291, the custody of children of tender years, especially girls, will be awarded to the mother where the parents are divorced, provided the mother is a suitable person to be charged with their care and is able to furnish them a suitable home. See also Callahan v. Callahan, 296 Ky. 444, 177 S. W. 2d 565. There may be peculiar circumstances, however, which make it more desirable to give the father custody of a child of tender years. We think without doubt that situation applies in regard to the custody of the older child, now 12 years of age, because she has shown clearly her desire to live with her father. There is no such indication on the part of the younger child, now 6 years of age, and, since no question as to the moral fitness of the mother is raised, we think she should be awarded the custody of that child for the major portion of the time. Mrs. Roberts is now making her home with her father, who appears to enjoy a good reputation and be a man of substantial means. If it develops that Mrs. Roberts' health is not such that she can properly care for the child, and if the arrangement does not work out for her best interests, the chancellor can at any time change her custody. While the divided custody of a child frequently brings about difficulties, we believe the circumstances in this case would warrant the awarding to Mrs. Roberts the younger girl's custody during the school year, and to her father during

the summer months. Of course some suitable plan of visitation by the parents should be devised in regard to both of the children. While Mrs. Roberts has custody of the younger child, she should be awarded the sum of $40 a month for her maintenance, but no award should be made while the child is with her father.

Wherefore, the phase of the judgment with respect to the custody of the children is reversed, with directions that it be set aside and for the entry of a judgment in conformity with this opinion.