## Maynard v. Maynard.

June 11, 1946.

Abner May and P. K. Damron for appellant.

V. R. Bentley and Sidney Trivette for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK— Affirming.

Delores and J. B. Maynard were married in 1939. Three children were born to the couple; the oldest of whom is now six years of age. In 1944, the husband instituted this action seeking a divorce and custody of the children on the ground of lewd and lascivious conduct on the part of his wife. In her counterclaim Mrs. Maynard sought a divorce and alimony and custody of the children. In September, 1944, the chancellor awarded Mr. Maynard a divorce, but made no final determination as to the custody of the children. He provided, however, that each parent should keep the children for a week at a time. At the November 1944 term Mrs. Maynard filed a motion for a rule against her husband, charging that he was refusing to abide by the court's order. The parties appeared in open court and oral testimony was heard upon that motion. That evidence has not been incorporated in the record, but the supplemental judgment under which the appellee was awarded the custody of the children until further order of court recites that Mrs. Maynard had moved to West Virginia and it was her intention to take the children to that state and out of the court's jurisdiction. The order further provides that Mrs. Maynard may visit the children at reasonable times. On this appeal Mrs. Maynard is insisting that she should have been granted a divorce and alimony and custody of the children.

A detailed review of the evidence concerning Mrs. Maynard's improper conduct with other men would serve no useful purpose. It is sufficient to say that there is ample evidence in the record to warrant the chancellor in granting Mr. Maynard a divorce. Mr. Maynard admitted striking his wife on two or three occasions, but he said he did so because she had been running around with another man. He admitted that he drinks some, but he appears to be a good worker and a good provider for his family. He owns a home and has regular employment. Mrs. Maynard has no means of supporting the children, and there was testimony to the effect her father had been ill and unable to work for some time and is not in position to furnish a suitable home for her and the children.

As pointed out in the recent case of Roberts v. Roberts, 302 Ky. 423, 194 S. W. 2d 1003, and many cases of like effect, the custody of children of tender years will be awarded the mother when the parents are divorced,

provided she is a suitable person to be charged with their care and can furnish them a satisfactory home; but, where the husband has been granted a divorce on the ground of the wife's unchastity, the father is usually given custody of the children if it appears that he can furnish them a suitable home. As said in the case of Cole v. Cole, 299 Ky. 319, 185 S. W. 2d 382, the prime consideration in all cases involving the custody of infant children is their welfare. Under the circumstances in the case at bar, we think the Maynard children will fare better with their father under present conditions. If conditions change, the chancellor, upon a proper showing, may enter such orders as he thinks will be for the best interests of the children.

Judgment affirmed.