## SMITH v. SMITH.

Court of Appeals of Kentucky.
May 18, 1951.

Rehearing Denied Nov. 9, 1951.

Robert J. Watson, Middlesboro, J. J. Leary, Frankfort, Ray O. Shehan, Harlan, Cleon K. Calvert, Pineville, for appellant.

H. M. Brock & Sons, Harlan, for appellee.

SIMS, Justice.

On Dec. 7, 1949, Luise Holman Smith sued Daniel Boone Smith for divorce on the ground of cruel and inhuman treatment. She sought the custody of their son, Christopher Holman Smith, then three months old; $25,000 alimony, an allowance of $200 per month for support of herself and child; recovery of a credit of $1850 given her by the Black Motor Company for her old car which was to apply on the purchase of a new one, which credit she avers her husband appropriated; her court costs, including a reasonable attorney's fee.

The answer was a denial followed by a counter-claim wherein the husband asked a divorce on cruel and inhuman treatment. He further averred the wife was not a fit person to have custody of their young son and he sought it; that he be adjudged the owner of the $1850 in the hands of the Black Motor Company; that he recover from the wife certain jewelry, as well as $2559.58 in money, he gave her by virtue of their marital relation. By amended answer and counter-claim filed April 11, 1950, he avers he was not lawfully married to Mrs. Smith by reason of the fact her former marriage to Joseph Lilly had not been legally annulled.

Hon. Nolan Carter, Special Judge, rendered a full and able opinion giving his reasons for granting the wife a divorce; giving her the custody of the child, with reasonable visitation by the father; granting her alimony of $100 per month and a like monthly sum for the maintenance of the child; her court costs, including a $400 attorney fee; restoring to the husband the $1850 automobile credit and jewelry he gave his wife by virtue of the marital status, the money he gave her having been spent.

The husband appeals and the wife cross-appeals.

The record is quite voluminous, containing more than 450 pages, which poses many facts calculated to be most embarrassing to the principals of this unhappy marriage. No useful purpose could be served in discussing the evidence and it will suffice to say it supports the chancellor's judgment in granting the wife a divorce and in making the allowances to her it did, and in restoring the $1850 automobile credit and the jewelry to the husband. We are in accord with the chancellor that due to the fact the wife was not free from fault and due to the short duration of the marriage, coupled with her youth (she was

32 years of age when the divorce was granted), and the fact that she is a high school teacher, she is not entitled to larger alimony.

Appellant makes a vigorous attack upon the judgment as being void upon the ground that Mrs. Smith had never been freed from the bonds of matrimony with her former husband, Lilly. The basis for the attack is that she instituted proceedings in the McCreary Circuit Court to annul her marriage to Lilly; that such an action being one in personam, it was necessary that the McCreary Circuit Court have jurisdiction of the parties, and it had no jurisdiction over Lilly because summons was issued to Jefferson County and he was never served in McCreary County; nor did he enter his appearance in the action. Therefore, the annulment proceedings were void and appellee at the time of her marriage to Smith was the wife of Lilly and the marriage to Smith was bigamous.

Apparently this phase of the case was discovered and introduced long after the principal proof had been taken in the divorce action. We have the proposition of pleading to an issue wherein marriage was admitted and a divorce prayed, followed by an amended answer apparently to conform to the proof but which attacked the judgment of the McCreary Circuit Court. The Smiths were legally married if Lilly was before the court in the annullment proceeding, which fact could have been determined by proof. In Wallace v. Lackey, 173 Ky. 140, 190 S.W. 709, 712, it was said: "If the record is merely silent as to some jurisdictional fact, as a want of a summons upon some party to the suit, it will be presumed that the party was duly summoned, or else the judgment would not have been rendered". See also Tudor v. Tudor, 101 Ky. 530, 41 S.W. 768.

We are not disposed under this record to go further into the matter of the annullment suit in the McCreary Circuit Court on the mere ground that the record apparently does not show Lilly was before the court. Under the facts and circumstances here, as far as the question of divorce is concerned, we conclude that the judgment granting Mrs. Smith a divorce is final and not subject to review by this court. See Irwin v. Irwin, 105 Ky. 632, 49 S.W. 432. To hold otherwise would make Mrs. Smith's marriage to appellee bigamous. Cornett v. Com., 134 Ky. 613, 121 S.W. 424; Rose v. Rose, 274 Ky. 208, 118 S.W.2d 529; Louisville & N. R. Co. v. Turner, 290 Ky. 602, 162 S.W.2d 219. True, even if the marriage of these parties should be held to be bigamous, KRS 391.100 would make their child legitimate, but certainly under the facts presented by this record Mrs. Smith should not be branded as a bigamist.

The opinion of the chancellor shows he gave careful consideration to the custody of the child. He wrote:

"The determination of the custody of the infant son of plaintiff and defendant is a question which gives me grave concern.

"From the evidence, I am not entirely convinced that the plaintiff will devote the time and effort and make the personal sacrifices which are necessary to the proper upbringing of her son. Moreover, this record reveals that the father has great love for his son; that this child is the fulfilment of the father's ambition, since his marriage to his first wife many years ago; and this court is convinced from the evidence, that insofar as a father is able, this defendant would, if given the custody of this child, do everything in his power to properly rear the boy. But courts have long recognized that in the nature of things, it is impossible for the father to give to a child of the tender age of this boy the care and attention which its mother can give. The child is now about ten or eleven months old."

Since the judgment before us concerns a situation at the time it was entered, we are disposed to say the chancellor was correct in not taking a babe-in-arms away from its mother. In this character of case, in determining who shall have the custody of a young child, the invariable rule is that courts are governed by the welfare of the child, and each case

must be determined on its own facts. Taylor v. Trosper, 275 Ky. 259, 121 S.W. 2d 41; Horton v. Horton, 287 Ky. 586, 154 S.W.2d 550. Time has elapsed since the entry of the judgment and should the custody of this boy be brought again before the court, with the background and circumstances what they are, we would be inclined to say, looking alone to the best interest of the child, it would be proper to place him in the care and custody of his father. However, we must look to the conditions existing at the time the judgment was rendered, hence, we cannot say the chancellor erred in not taking an eleven months old baby from the mother and putting it in the custody of the father.

As above indicated, we think the chancellor's judgment is correct as to the allowances made to the wife, including the attorney's fee, and the judgment is affirmed on both the appeal and the cross appeal.