E. N. Venters, Pikeville, Robert T. Caldwell, Ashland, for appellee.

MOREMEN, Judge.

This is a companion case to R. H. Hobbs Company v. Christian, 325 S.W.2d 329, which was appealed from the Floyd Circuit Court. In this case, which was appealed from the Pike Circuit Court, a converse decision was reached. The issues, however, are the same and for the reasons stated in that opinion, the judgment is reversed.

Ann TINSLEY, Appellant,

v.

Virginia BOGGS et al., Appellees.

Court of Appeals of Kentucky.

June 12, 1959.

Harold D. Ricketts, Bowling Green, for appellant.

G. D. Milliken, Jr., Bowling Green, for appellees.

WADDILL, Commissioner.

This controversy concerns the custody of Susan Denise Lane, 15 months of age, whose parents are dead. The Chancellor, after conducting a hearing, decided it was in the best interest of the child that she remain in the custody of her maternal aunt and her husband. Judgment was entered accordingly.

Ann Tinsley, the child's paternal grandmother, who brought this action seeking custody of the child, has appealed, urging that the Chancellor abused his discretion in denying her custody of the child.

In cases of this character the welfare of the child is the chief concern of the court. Renfro v. Renfro, Ky., 291 S. W.2d 46; Smith v. Smith, Ky., 242 S.W.2d 860; Stapleton v. Poynter, 111 Ky. 264, 62 S.W. 730, 53 L.R.A. 784. An award of custody involves the duty to make decisions regarding the care, control, education, health and religion of the child. In view of the variety of factors which may affect an award of custody, the Chancellor has a broad discretion in selecting the child's custodian. This judicial discretion must not be abused and is subject to appellate review. Conlan v. Conlan, Ky., 293 S.W.2d 710; Youngblood v. Youngblood, Ky., 252 S.W.2d 21.

The record discloses that both appellant and appellees have suitable homes for the rearing of young children. Appellant's home consists of seven rooms and is located in a respectable neighborhood in Bowling Green. Her daughter and son-in-law and their three children live with her. Appellant is fifty-four years of age and is presently employed by a dry-cleaning establishment. On the other hand, appellees, Virginia Boggs and her husband, have only one child, and they live in a five-room house at Benham, where Virginia's husband is employed by the International Harvester Company. Appellees rent the house they occupy, but they have shown they are financially able to amply provide for the needs of Susan Denise Lane.

Since both parties to this appeal have manifested their love for Susan and also their willingness to give her an adequate home, with opportunities for religious and educational training, we think the selection of either one of them as custodian of the child would have been a proper exercise of the discretion by the Chancellor.

We find no error in the record that authorizes a reversal of the judgment.

Judgment affirmed.