# Creasy v. Creasy's Next Friend et al.

(Decided December 9, 1931.)

CROSSLAND & CROSSLAND for appellant.

H. H. LOVETT and CHARLES N. HOBSON, Warning Order Attorney, for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

In 1920, Tillie Creasy instituted an action for divorce against D. B. Creasy in the McCracken circuit court. Upon final hearing a judgment for divorce was granted, and the plaintiff was awarded the custody of the two infant children, Mary and Carl, age 8 and 6, respectively. It was further adjudged that until further orders of the court the defendant should pay the sum of $50.00 per month for the support and maintenance of the two children. These monthly payments were made by Creasy until the latter part of the year 1928, with the exception of a few months when the children were visiting their father.

On July 11, 1929, Tillie Creasy, as next friend for Mary and Carl Creasy, filed a petition against D. B. Creasy in the McCracken circuit court in which she alleged that he was in arrears in the payments as provided by the judgment in the divorce action in the aggregate sum of $725, for which she prayed judgment for the use and benefit of the infant children. By amended petition filed in February, 1930, it was alleged that, since the filing of the original petition, no monthly payments had

been made, and that the aggregate amount then due was $1,075, for which judgment was asked.

By answer, defendant alleged that beginning June, 1921, and continuing up to September 16, 1928, he made payments for the support and maintenance of the two children in sums aggregating $4,375; that since the original judgment was entered he had continued to reside in the city of Paducah; that he had the opportunity of seeing his two children until the fall of 1922, when Mrs. Creasy took them to reside in St. Louis; that since that time he had no opportunity to see them except at considerable expense and loss of time. He denied that he was in arrears in the sum of $725. He further alleged that the two children had quit school and gone to work, and had demonstrated by the amounts earned by them that they were capable of earning their own living; that he had already paid a sum sufficient for their maintenance and education, and should not be required to make any further payments of the allowance of $50 per month or any other sums; that, if the court should require him to make further payments, he asked to be allowed to bring the children to his home, where he would maintain and educate them for such time as the court might direct.

The issues were completed by reply. Proof was taken, and on final hearing the two actions were consolidated. It was adjudged by the court that plaintiff recover of defendant for the use and benefit of Mary and Carl Creasy the sum of $650 in full of all back claims for the support and maintenance prior to January 1, 1930; and, until further ordered by the court, Creasy should pay $30 per month for the support and maintenance of his two children. From that judgment defendant has prosecuted this appeal, and has brought up the entire record in the original as well as the supplemental proceedings.

At the time the original judgment was entered, appellant was in the employ of the I. C. R. R. Co. at a salary of about $265 per month. He has continued in that employment, but, owning to the general business depression and a program of retrenchment on part of the railroad company, his salary has been reduced to $180 per month.

The marriage of these parties was the second matrimonial venture for each of them, both having children by

a former marriage, and it appears from the record that there was ill feeling and conflict over the attitude of each of the parties toward the children of the other. An attempt was made in the original action to show that appellant had engaged in improper relations with his own daughter by a former marriage, but these charges were met and we think successfully disproved. While it was demonstrated that the charges were groundless, there were some facts and circumstances shown by the proof which might in a measure justify the wife's conclusions, at the time, that the charges were true. Aside from any question of who was at fault in these domestic troubles, or as to which of the parties is better suited to have custody and control of these children, the father is still under legal obligation to make provision for their maintenance and support. In the confused and conflicting state of the evidence, we cannot say that it has been shown that the mother is not a proper person to have custody and control of them. As an inference drawn from the evidence of these children, it appears that they would prefer to be in the custody of the mother rather than the father. In view of the evidence as to the father's earnings, it does not appear that the amount required to be paid under the last judgment will be an onerous burden upon him, and is certainly no more than will be required to properly provide for his children.

The chancellor's finding of fact in equity cases, while not conclusive, is entitled to consideration and weight. This court will consider and weigh the evidence for itself, but, unless the chancellor's finding is against the weight of the evidence, or if the evidence does no more than to raise a doubt as to the lower court's finding, it will not be disturbed. Hale v. Hale, 189 Ky. 171, 224 S. W. 1078; Charles v. Charles, 199 Ky. 208, 250 S. W. 855; Jones v. Ky. Glycerine Co., 226 Ky. 676, 11 S. W. (2d) 713.

We have carefully read all the evidence in the consolidated cases, and find that, notwithstanding some conflict, there is ample evidence to support the chancellor's finding.

Judgment affirmed.