# Beutel v. Beutel.

(Decided Feb. 25, 1936.)

A. M. MARRET for appellant.

WOODWARD, HAMILTON & HOBSON and WILBUR O. FIELDS for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellant instituted this action in the Jefferson circuit court for a divorce from appellee on the grounds of cruel and inhuman treatment and also sought alimony and the custody of their child. The defendant by answer and counterclaim controverted plaintiff's right to a divorce, and asked that he be granted a divorce on the ground of one-year abandonment. Upon trial of the case, the chancellor dismissed defendant's counterclaim and granted the plaintiff a divorce and custody of their four year old child, Barbara Ann Beutel, and $50 per month for the support and maintenance of the child, and all court costs, but denied her alimony for herself and her attorneys' fees, and to reverse that judgment she appeals from so much thereof as denies her alimony and recovery of attorneys' fees. Defendant has prosecuted his cross-appeal from that part of the judgment against him for the

plaintiff's costs and for the allowance for the support of the child.

Since this court cannot review a judgment of divorce, we are not concerned with the evidence, except to determine whether appellant is entitled to alimony and attorneys' fees.

It is insisted for appellant that, since the court granted her a divorce upon her application, alimony follows as a matter of course. Section 2122, Kentucky Statutes, reads:

"If the wife have not sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that of her husband as shall be deemed equitable."

It will thus be seen that alimony does not necessarily follow a divorce granted upon the application of the wife, if she has estate of her own sufficient for her support. However, in a certain line of cases, the rule has been stated to be that, where a divorce is granted upon the application of the wife, alimony follows as a matter of course, unless it appears from the record that the wife was wholly at fault or guilty of such moral delinquency as to forfeit her right to alimony. Moore v. Moore, 231 Ky. 829, 22 S. W. (2d) 251; Harley v. Harley, 255 Ky. 370, 74 S. W. (2d) 195, and cases cited therein. But it appears that this rule was based upon the facts of those particular cases, and section 2122 of the Statutes was not involved or considered. Once this section of the Statutes is considered, there is no inconsistency. The question of alimony rests largely in the discretion of the trial court, and, in allowing or disallowing it and in fixing the amount thereof, if any be allowed, the court will take into consideration the estate and income of the wife and the relative financial conditions of her and her husband and, among other things, the relative cause or fault of the respective parties culminating in the divorce.

A divorce being granted upon the application of the wife does not necessarily mean that she was free from fault. She may have been equally in fault with the husband, yet in all the circumstances the chancellor may deem it expedient to grant her a divorce. It would serve no good purpose to give a detailed statement or resume of the evidence in this opinion. Suffice it to

say that upon the examination of the record for ourselves we are convinced that there was improper attitude and conduct of each party toward the other, and we think it would be giving appellant the benefit of any doubt to say that she was equally in fault with her husband in bringing about their matrimonial discord resulting in the divorce. It is also apparent that the cause of their matrimonial discord was more imaginary or apparent than real. But, be that as it may, it is obvious that a reconciliation was hopeless, and no doubt this fact was given consideration by the chancellor in granting the divorce, as well as the proof of the technical statutory cause alleged. We may say, however, in justice to the parties, that there is nothing in the record reflecting upon the moral character of either of them, and it appears that they are both respected people of their community.

We come now to a consideration of the property and income of the respective parties. It is shown that appellant owns a home on Cherokee road, valued under present market conditions at $6,500. There is included in the home a tenant apartment which she has rented at $35 per month or $420 per year. She also owns an undivided interest in other real estate, but the value of it is somewhat meager, and it is not shown that she receives any income from it. She also listed numerous bonds and other securities in the amount of approximately $9,000 and jewelry (diamonds) of the value of approximately $1,000. Also it is reasonably apparent from the record that she owns other diamonds and jewelry of considerable value which she did not list, and also has cash in banks or private deposit boxes, the amount of which is not definitely shown, but at the most, only a few hundred dollars. Upon the whole, it is obvious that she is possessed of an estate amply sufficient for her support. She has another daughter by a former marriage, but it appears that she has been amply taken care of out of the estate of her deceased father.

The only income appellee has is his salary of $216 per month ten months of the year, or $180 per month for the whole year, as athletic trainer for a school. He also owns an undivided interest in certain real estate of the value of approximately $4,000, but it is shown that there is certain indebtedness against it, leaving an equity of approximately $1,600, from which he re-

ceives no income. It is also shown that appellee's current expenses for insurance, church dues, taxes, room and board, clothes, and interest on notes, etc., practically consume his entire salary. It is evident that once he pays the costs of the actions and the $50 per month allowance for the maintenance of his child, it would indeed be difficult for him to pay appellant's attorneys' fees and alimony if same should be adjudged against him. He insists that $50 per month is an exhorbitant allowance for the child. But, in view of the circumstances and considering the station in life and standard of living to which his wife and child have been accustomed, and taking into consideration the necessity or probability of expenses which may be incurred for doctor bills, services of maids, etc., in caring for the child, in addition to other necessary expenses, we do not think the sum allowed is exhorbitant. Furthermore, such allowances are always subject to review by the chancellor upon the application of either party and may be adjusted from time to time to meet any change in the financial condition of either party.

It is our conclusion, therefore, that the judgment entered by the chancellor is fair and equitable.

The judgment is affirmed on both the original and cross appeals.