## De Long v. De Long.

(Decided Feb. 4, 1938.)

**816**

W. R. McCOY, J. H. PREECE and J. B. CLARK for appellant.

S. M. MAYNARD and J. W THOMPSON for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

The matter presented grows out of appellant's objection to an allowance made in a judgment granting appellee a divorce. The parties were married in May, 1930, and lived together until some time prior to March 22, 1934, the date of the filing of the petition for divorce. To this marriage two children were born, both boys, one now about seven and the other five years of age.

By this petition appellant sought absolute divorce on the grounds of such lewd behavior on the part of appellee as proved her to be unchaste, Kentucky Statutes, section 2117, and asked that he be awarded the custody of the children. Appellee denied the allegations of the petition and asserted that appellant had so cruelly treated her as to show a settled aversion. She prayed for divorce and custody of the children, and a suitable allowance for their maintenance and support.

Much proof was introduced, and upon submission the court decreed the divorce to appellant, in which it was written:

"The question of the custody of the two infant children * * * is reserved by the court for future adjudication but if they are kept and cared for by Trixie De Long, then the plaintiff will pay to her the sum of $20.00 per month, or pay the sum of $15.00 per month and furnish her a home in which to live, to all of which judgment, in awarding an allowance for said children, the plaintiff objects and excepts and prays an appeal to the Court of Appeals, which is granted."

Turning to the brief filed on behalf of appellant, we find it is argued solely, that since the chancellor adjudged a divorce to appellant, it necessarily followed that from the proof he found appellee to be of that character alleged and proven. We quote from the brief:

"A thorough examination of the evidence makes it

clear and unmistakably true that she was guilty of lewd conduct. For this reason the judgment entered requiring money to be paid by the appellant, should be reversed. If the appellant was entitled to divorce from the appellee, he should not be required to contribute any money for her support."

It is shown by the record that after the separation of the parties, and up until proof was taken, the wife had the custody of the two boys. As noted, the court did not award their custody to appellant, retaining that question as was his right and duty under the proof. The record does not clearly show who has had their care and control since entry of judgment. Since the mother had prior custody, which the court did not disturb by his judgment, the custody remains with the mother, and there remains until the court rules otherwise.

The difficulty we find with appellant's contention is that we do not construe nor did he conceive the judgment as being one awarding alimony to the wife. On the contrary, it only made an allowance for the maintenance of the children. He so construed it, since he appeals from so much of the judgment as made allowance to the children; no other allowance was made.

In numerous decisions we have pointed out that under the common law and the statutes, it is the duty of the father to furnish support and maintenance for his infant children.

"Aside from any question of who was at fault in these domestic troubles, or as to which of the parties is better suited to have custody and control of these children, the father is still under legal obligation to make provision for their maintenance and support."

Creasy v. Creasy's Next Friend, 241 Ky. 403, 44 S. W. (2d) 271, 272. The reputation or character of the mother, or what appellant believes such to be, does not in the least relieve him from the legal duty of furnishing his children support.

Appellant does not evince a great deal of interest in the welfare of the children. If he is really dissatisfied with the care they are receiving, or if there is good

and valid reason why he should not advance the amount allowed for their support, he has ample recourse to the court for an appropriate order providing for their welfare, or relieving himself of any unjust burden. Many opinions of our court advise him as to his right in these respects. Burke v. Burke, 267 Ky. 734, 103 S. W. (2d) 291; Beutel v. Beutel, 262 Ky. 805, 91 S. W. (2d) 528.

Judgment affirmed.