# RITCHISON v. RITCHISON.—191 S. W. (2d) 188.

Middle Section.   July 28, 1945.

Petition for Certiorari denied by Supreme Court, January 5, 1946.

Joe B. Weems, of Dickson, for plaintiff in error.

Frank S. Hall, of Dickson, and Ray Stuart, of Charlotte, for defendant in error.

HOWELL, J. ■ In this case we are presented with a motion to remand for the purpose of correcting the decree of the Circuit Court so as to show that the divorce was granted to the plaintiff on the grounds of cruel and inhuman treatment and desertion. It is not necessary to pass upon this motion as the defendant has agreed that the decree be treated as so amended.

This is a divorce suit filed by the husband against his wife in which he charged cruel and inhuman treatment and desertion. The defendant filed an answer and a cross-bill in which she prayed for alimony and custody of the four children ages 19, 15, 12 and 4 years.

Upon the hearing the trial Judge sitting without a jury found the facts in favor of the original plaintiff, granted him a divorce on the grounds of cruel and inhuman treatment and desertion, dismissed the cross-bill and it appearing that the children were in the custody of their mother, the defendant, and living with her in another State and were being sent money by their father regularly, the Court declined to pass upon the question of their custody, the plaintiff not pressing his prayer for custody.

The original defendant has appealed to this Court and has assigned errors.

From an examination of the record and consideration of the brief and arguments of counsel we are of the opinion that the merits of the case have been reached by the decision of the trial Judge. These parties were married in January 1922 and lived together as man and wife for many years. They had four children who have lived with their mother since the separation of plaintiff and defendant and are still with her at her residence in Warsaw, Indiana. The plaintiff has continuously sent provisions, cash and money orders to his children in amounts consistent with his means for their necessary support. About four years ago the defendant's conduct toward complainant was such that he was forced to leave their home. She would not allow the plaintiff to even sleep in the same room with her, put his clothes out of the house and told him to leave and refused to let him return even to see his children. The proof amply justifies the decree for the plaintiff.

It is insisted for the appellee that the Court erred in not passing upon the questions of the custody of the children. The original plaintiff is not now asking for the custody of the children who are with their mother in Indiana and the defendant cannot be heard to complain as her bill is not sustained by the proof and she has now and always has had the children with her and in her custody and control. She is not asking for any alimony for herself and the defendant is providing for the minor children.

In the case of Kenner v. Kenner, 139 Tenn. 211, on page 223, 201 S. W. 779, on page 782, L. R. A. 1918E, 587, the Court said:

"The determining fact seems to be that the child was in the foreign state in the custody of the parent who had there acquired a domicile, and was there suing for divorce, at the time the foreign court passed its decree. Wakefield v. Ives, 35 Iowa 238; Kline v. Kline, 57 Iowa 386, 10 N. W. 825, 42 Am. Rep. 47; . . . Seeley v. Seeley, supra [30 App. D. C. 191, 12 Ann. Cas. 1058]. Where the child is within the local jurisdiction the court has the power to award its custody to the one parent or the other; when it is not within that jurisdiction, no such power exists."

We see no error in the action of the trial Judge. The assignments of error are overruled and the judgment of the Circuit Court is affirmed.

The appellee and the surety on her appeal bond will pay the costs of the appeal.

Affirmed.

Felts and Hickerson, JJ., concur.