## JOSEPH GIACHETTI v. MARY GIACHETTI

25 So. (2nd) 658                                    January Term, 1946
April 9, 1946                                              Division A
Rehearing denied April 30, 1946

*Claude L. Gray,* for appellant.

*Clayton J. Weir, Walter Warren,* for appellee.

ADAMS, J.:

This appeal is from a decree of the chancellor granting a divorce and settling the property rights of the parties.

On the pleadings the appellee wife asked for a divorce on the grounds of cruelty; that she be decreed to own one-half interest in certain citrus groves and also be granted the custody of their only child. The answer denied the material allegations of the bill, charged desertion and asked for a divorce and custody of the child.

The chancellor personally heard the testimony and found the equities with the wife. She was granted a divorce, a one-third interest in a grove referred to as a young grove (properly described in the decree), a one-half interest in another grove and an allowance for attorney's fees and costs.

The husband is contesting the decree on several grounds, one of which is that no order was made for the custody of the child. Although both parties asked for the custody of the child, who was approximately ten years old at the time of the final hearing, we are unable to hold the chancellor in error for failing to enter an order therein because the child was in the State of Illinois and had not been within the confines of the State of Florida for the past several years. See Di Giorio v. Di Giorio, 153 Fla. 24, 13 So. (2nd) 596.

The sufficiency of the evidence to sustain the bill alleging residence of the wife and her charge of cruelty is questioned. We find the evidence sufficient to sustain the decree of both issues.

It is urged that the chancellor erred in dividing the two grove properties. It appears that the old grove came as a gift from an individual, who, by strange coincidence, was the stepfather to both plaintiff and defendant. The conveyance to them created an estate by the entireties and the divorce left them owner as tenants in common.

The decree affecting the young grove (about fifteen acres) which found that the wife contributed about $250.00 or $275.00 to the purchase price is attacked for lack of any testimony. To be exact, the testimony does show that the husband owned this land before the marriage, however, there is evidence that the wife contributed her inheritance amounting

to $273.00 to the planting of the grove; that in addition she worked and assisted materially in the development of the young grove until she was forced to leave by her husband.

We find no error in the decree and the same is affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.