## Beutel v. Beutel.

October 28, 1947.

W. Scott Miller, Judge.

Wilbur O. Fields and Louis H. Jull for appellant.

A. M. Marret and Robert J. Hagan for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

In 1934, the appellee, Mrs. Cornelia F. Beutel, was granted a divorce from the appellant, Clarence Beutel. Mrs. Beutel was denied alimony because she had an

estate of her own sufficient for her maintenance. She was awarded custody of their infant daughter, who was then some two and one-half years of age, and was allowed $50 a month for her daughter's maintenance. It was directed that Mr. Beutel be permitted to visit the child each Wednesday. Upon appeal to this Court the judgment was affirmed. Beutel v. Beutel, 262 Ky. 805, 91 S. W. 2d 528. In June, 1943, Mrs. Beutel sought to have the allowance for the support of the child increased to $75 per month. In response Mr. Beutel asked that the allowance be reduced to $25. In March, 1944, Mr. Beutel moved that he be allowed to have possession of the child on each Saturday and Sunday during the months of June, July and August. The commissioner's report recommending that there be no change in the custody of the child nor the visitation period, and that the maintenance figure be fixed at $60 per month, was approved and judgment was entered accordingly October 17, 1944. On the last day of October Mr. Beutel moved that the judgment be set aside, alleging that Mrs. Beutel had changed her residence from Kentucky to Florida, thereby depriving him of his right to see the child. This motion was overruled.

Mr. Beutel appealed from the actions just mentioned, and in-the case of Beutel v. Beutel, 300 Ky. 756, 189 S. W. 2d 933, 934, we upheld the rulings of the chancellor. During the course of the opinion it was said:

"Although appellee's departure from Kentucky might be sufficient ground for modifying the decree in respect to reasonable visitations, it did not entitle appellant to have the decree set aside; especially in view of the fact that, although both he and his child have been living in Louisville since the divorce was decreed, he has made only two attempts to visit the child, and it does not appear that either of these were calls during the hours allocated to him by the Court. He admits that for the past several years he has neither communicated with the child nor made any endeavor to see her. Virtually all courts, in proper circumstances, will permit a child to be taken out of their jurisdiction; indeed, in the circumstances therein involved, such was permitted by this Court in Duncan v. Duncan, 293 Ky. 762, 170 S. W. 2d 22, 154 A. L. R. 549. The question is fully discussed in the annotation following the publication

of that opinion, in 154 A. L. R., commencing at page 552 and ending at page 573. But since proper relief, based upon removal of the child from Kentucky, was not requested of the Chancellor, it is unnecessary for us to discuss the question further.''

In April, 1946, Mr. Beutel filed a petition to have modified the divorce judgment of 1934. After setting forth the proceedings heretofore mentioned, Mr. Beutel alleged:

''The defendant states that the said plaintiff removed said child from the State of Kentucky without the permission of this Court, and at a time when this Court had jurisdiction of the custody of this child.

''The defendant files herewith a postal card addressed by the plaintiff to him, said card being postmarked St. Petersburg, Florida, January 22, 1946, in which the plaintiff states, 'You well know we don't reside in Louisville, Kentucky.'

''The defendant states that the plaintiff is estopped from enforcing the judgment of this Court for the payment of maintenance for her infant child, Barbara Ann Beutel, until she places herself in compliance with the order of the Court directing this defendant to see said infant child, Barbara Ann Beutel, on Wednesday of each week.

''The defendant states that the plaintiff is a wealthy woman and has ample means to live in luxury in the State of Florida.'' Mrs. Beutel's demurrer to the petition was sustained, and upon Mr. Beutel's declining to plead further the petition was dismissed and judgment entered accordingly.

Upon his appeal Mr. Beutel insists that his petition stated a cause of action, and, therefore, he was entitled to a hearing. On the other hand, Mrs. Beutel urges that the appellant is bound by our ruling in the 1946 Beutel Case. Considerable argument is advanced by both parties as to whether this question was properly raised, but we deem it unnecessary to analyze those arguments for the reason that we do not think the doctrine of res judicata is applicable to such a proceeding. We have frequently held that the infant children of divorced parents are looked upon somewhat in the nature of wards

of the court, and the questions of their custody and support may be reviewed by the chancellor at any time upon the charge of changed conditions. Indeed, it is expressly provided in KRS 403.070 that:

"* * * At any time afterward, upon the petition of either parent, the court may revise any of its orders as to the children, having principally in view in all such cases the interest and welfare of the children. * * *" Many rulings of this Court are referred to in the Annotations to this section of the statutes. See also 17 Am. Jur., Divorce and Separation, section 687, and notes thereto.

In the case at bar there is involved a question of maintenance and also a question of custody, since the right of Mr. Beutel to visit his child clearly falls within the latter category. We think Mr. Beutel's petition of 1946 sufficiently raised both questions and that he was entitled to a hearing thereon. Furthermore, the last sentence of the foregoing quotation from the 1946 Beutel Case shows the questions were not passed upon.

We have noted that Mrs. Beutel made her appearance and demurred to Mr. Beutel's petition, thus raising no question of jurisdiction. However, reference to 17 Am. Jur., Divorce and Separation, section 686, and notes thereto, will show that as a general proposition the absence of parents or children from the territorial jurisdiction of the court does not affect its power to modify the provisions of its decree respecting the custody of children. In supplemental briefs some question has been raised as to the extraterritorial effect of a judgment awarding the custody of a child upon the divorce of its parents. In an Annotation in 160 A. L. R. 400, which deals with this question, after referring to three earlier annotations, it is said that the general rule prevails to the effect that, in the absence of fraud or the want of jurisdiction, the custody provisions of a divorce decree are to be given full effect in other states as to the right of custody under the circumstances existing when the decree was rendered. What Mr. Beutel will be able to show upon the trial of the case on its merits is yet to be determined. We may say in passing, however, that the record in the 1946 Beutel Case shows he has manifested little or no interest in his child in the past. His

primary purpose seems to be to avoid further payments for the support of his child.

For the reasons heretofore set forth we think the judgment should be and it is reversed, with directions that it be set aside and for proceedings consistent with this opinion.