## Marlar et al. v. Howard.

November 15, 1949.

Rehearing Denied March 3, 1950.

James F. Forester, Judge.

210

James S. Greene, Jr., for appellant.

G. E. Reams for appellee.

VAN SANT, COMMISSIONER—Affirming.

The appeal is from a judgment sustaining a general demurrer to, and dismissing, a petition for a writ of habeas corpus. Appellants are the paternal grandparents, and appellee is the mother, of Earlene and James Estill Marlar who are four (4) and three (3) years of age respectively. Appellants filed the petition alleging

that by a judgment of a Court of Domestic Relations for Knox County, Tennessee, a certified copy of which they filed as a part of the petition, they were awarded the custody of the children, and appellee is in possession of said children unlawfully and refuses to deliver the children to them.

The Tennessee judgment shows that in the action of Merlene Marlar (Howard) versus her then husband, Harrison Marlar, a divorce was granted to one of the parties, and appellee was given custody and control of the children. Immediately thereafter, appellee and her children moved to, and continuously thereafter have been residents of, Kentucky, the former having intermarried with Ralph Howard, a resident of Harlan County. After the children became legal residents of the State of Kentucky, their father, Harrison Marlar, filed a "cross-petition" against appellee in the original divorce action, whereby he sought a modification of the judgment in respect to the custody of the infants. Appellee failed to appear or make defense to the cross petition, whereupon the allegations contained therein were taken as confessed and an order was entered purporting to divest her of the right to the custody of the children and to vest such right in appellants jointly.

Whilst the record is silent as to the reason underlying the action of the court in sustaining the demurrer to and dismissing the petition for a writ of habeas corpus, we assume it to have been upon the theory that at the time the Tennessee Court attempted to place the custody of the children with the grandparents, it did not have jurisdiction of the children because they were citizens and residents of Kentucky.

In Thomas v. Sprinkle, 299 Ky. 839, 187 S. W. 2d 738, an aunt of two (2) children, by petition for a writ of habeas corpus, sought their custody on the ground that their mother, with whom they resided, was not a fit person to rear them. The Chancellor heard the case on its merits and decided that the best interest of the infants would be served by permitting them to remain in their mother's custody. On appeal to this Court, the judgment was affirmed on the technical ground that the aunt, devoid of legal or natural right to the custody of the children, could not maintain an action against a parent whose superior right of natural custody had not

been legally terminated or voluntarily surrendered. The author of the opinion cited 25 American Jurisprudence, Sections 79 and 80, Pages 204-206. We think the rule to be sound and controlling in this case. This leads us to the question as to whether appellants' petition is sufficient to show they have a superior legal right of custody to either a legal or the natural right of the mother.

When the original judgment vesting appellee with the custody of her children was entered, she and the children were bona fide residents of Knox County, Tennessee; and the court, having jurisdiction of the subject matter, likewise had jurisdiction of the parties; but, when the modified order was entered, the children were legal residents of Kentucky, although it appears from the judgment that appellee was before the court by service of process. Therefore, we now must decide whether a court, which properly acquired jurisdiction of children for the purpose of determining their custody, forever retains jurisdiction by having exercised control in the first instance.

Since the petition did not aver that the laws of Tenneseee provide that its courts shall retain jurisdiction in instances of this character, and it does not appear that the court attempted to retain jurisdiction by specific edict, it is unnecessary for us to determine what effect, if any, the existence of either of those contingencies might have on the answer to the question presented. In Abbott v. Abbott, 304 Ky. 167, 200 S. W. 2d 283, the father of two children was awarded their custody by judgment of an Indiana Court, which, at the time of the institution of the action and the entry of the judgment, had jurisdiction- of all parties by reason of their residence in Indiana. Thereafter, the father returned to his former home in Kentucky bringing the children with him. This was done without the knowledge of the mother, but it was not done in violation of any order of the Indiana Court. Thereafter, the mother, without notice to the father, procured an order of the Indiana Court awarding the custody of the children to her. This Court held that since the home of the children was that of their legal custodian, his removal from Indiana to Kentucky divested the Indiana Court of jurisdiction of the children and the order on which the mother relied was void and of no legal effect. In Calla-

han v. Callahan, 296 Ky. 444, 177 S. W. 2d 565, the parties were married in Kentucky in 1936 and moved to Indiana in February, 1942. In November, 1942, the mother moved back to her home in Kentucky, and in February, 1943, brought her daughter with her. Thereafter, the husband filed suit for divorce in Indiana. He was granted a divorce on constructive service; and the court, assuming jurisdiction of the child, awarded her custody to the father, who later filed a petition for a writ of habeas corpus for possession of the child in a Kentucky Court, and in which action he relied on the Indiana judgment entered on constructive service. We held that the child, at the time of the institution of the judgment entered in the action in Indiana, was a legal resident of Kentucky, and the Indiana Court did not have jurisdiction to determine her custody. Thus, from those decisions, it is apparent that a court loses jurisdiction of children upon their lawful removal from the territory comprising its district, when such removal does not violate a statute or order of the court entered at a time the child was within its jurisdiction.

Our attention has been called to Roberts v. Roberts, 300 Ky. 454, 189 S. W. 2d 691, wherein citing 14 American Jurisprudence, Courts, Section 195, we said: "when jurisdiction once attaches, it is not lost by the removal of the defendant from the jurisdiction." This statement should be read with its context. In that case the husband instituted an action for divorce against his wife and sought custody of their three (3) year old daughter. All the parties were legal residents of Perry County, Kentucky at the time of the institution of the action. The wife employed counsel who filed answer and counter-claim for her, cross examined the husband and other witnesses, and joined in a motion to submit the case for final determination. During the pendency of the action and before judgment for divorce was entered, the mother removed to Ohio taking the child with her. We held that, since the court properly acquired jurisdiction, removal of the defendant and child to another state before judgment did not affect the question of jurisdiction on the issues then before the court, one of which was the custody of the child. We adhere to that decision and think it not to be in conflict with the cases heretofore cited.

An order awarding the custody of a child is final, although the question of change in custody, if on a showing of a change in condition, may be entertained at a later date by the same court, or by any other court having jurisdiction of the person of the child at the time a change is sought. Although a court, into whose jurisdiction a child has moved, may alter the award upon a showing of a change in condition; nevertheless, it will give full faith and credit to the original judgment, under Article 4, Section 1 of the United States Constitution, insofar as it fixed the status of the parties at the time it was entered. Frick v. Kaufman, 310 Ky. 829, 222 S. W. 2d 185. In Beutel v. Beutel, 305 Ky. 683, 205 S. W. 2d 489, we held that the Jefferson Circuit Court had the right to modify its own judgment although the mother, in whose custody the child was placed, and the child had moved to Florida after the original judgment of divorce and award of custody, but that decision was controlled by circumstances foreign to this case; viz., the removal of the children to. Florida denied to the father the right of visitations which was preserved to him in the original decree.

In the light of the above authorities, we are constrained to hold that the Tennessee Court did not have jurisdiction of the children of appellee at the time it attempted to vest their custody in appellants; wherefore, the Court properly sustained the demurrer to the. petition.

The judgment is affirmed.