## WEIGHTMAN v. HAMILTON et al.

Court of Appeals of Kentucky.

Oct. 23, 1953.

Fred J. Karem and J. P. Karem, Louisville, for appellant.

Rodes K. Myers, Bowling Green, for appellees.

STANLEY, Commissioner.

In a divorce decree entered in June, 1946, the Warren Circuit Court awarded the custody of a four year old child to her mother, then Mrs. Alice Rose Hamilton. After a hearing upon a motion for a rule, on June 18, 1950, the custody of the child was given to her paternal grandmother, subject to the mother's right to have her during specified periods and visit her at any reasonable time.

This suit was filed in the Jefferson Circuit Court by the mother, now Mrs. Alice Rose Weightman, against the grandmother and the father of the child, asking that court to award the plaintiff the permanent custody of the child (now 10 years old) and to require the father to provide her support and maintenance in the sum of $15 a week. The petition states that the mother, the grandmother and the child are residents of Jefferson County and the father of Warren County. It alleges that while the original judgment entered in 1946 giving the plaintiff custody of the child was still in effect, the father had forcibly taken her from the plaintiff and she had had a rule issued against him in 1950 to show cause why he should not return the child and that the order described above was entered upon that motion although the grandmother was not a party to the proceeding. The court sustained a special demurrer to the petition upon the ground of want of jurisdiction. The plaintiff having declined to plead fur-

ther, her petition was dismissed. She appeals.

The appellant argues that the Warren Circuit Court did not retain the original case on its docket and that sole jurisdiction of the child was lost by her removal from the county by order of the court giving custody to the grandmother in Jefferson County. She relies upon a misapplication of Marlar v. Howard, 312 Ky. 209, 226 S.W.2d 755. That case and several others involved a conflict between domestic and foreign jurisdictions. We are not troubled in this case with the matter of domicil or residence beyond Kentucky's sovereign authority or of a foreign judgment, or of obtaining custody of a child by a habeas corpus proceeding. These parties were all residents of Warren County when the original judgment was entered, and all are yet within the jurisdictional reach of the circuit court of that county.

KRS 403.070 prescribes, "At any time afterward [judgment], upon the petition of either parent, the court may revise any of its orders as to the children, having principally in view in all such cases the interest and welfare of the children." The award of custody of a child entered in a divorce decree is of a provisional or interlocutory character for it is not final in the sense that the case is terminated or that the judgment precludes modification thereafter during the minority of the child if its welfare demands it. By virtue of the statute and inherent judicial power the physical absence of the child or his parents from the territorial jurisdiction of the court does not affect the court's power to modify the provisions of its judgment. Beutel v. Beutel, 305 Ky. 683, 205 S.W.2d 489; Marlar v. Howard, 312 Ky. 209, 226 S.W.2d 755; Chamblee v. Chamblee, Ky., 248 S.W.2d 422.

It is the power to adjudicate concerning the subject matter of a given case that gives the court jurisdiction. The subject matter is the custody and welfare of the child, and jurisdiction of a tribunal having once attached is continued exclusively

for all purposes; it is not lost by removal of the child from the county in the same state. It may be in an unusual case that the welfare of the child requires that a court into whose jurisdiction he has been physically removed should assume control, but certainly the present is not such a case. McNees v. McNees, 97 Ky. 152, 30 S.W. 207; Parks v. Parks, 209 Ky. 127, 272 S.W. 419; Duncan v. Burnett, 292 Ky. 269, 166 S.W.2d 419; Roberts v. Roberts, 300 Ky. 454, 189 S.W.2d 691.

Relief from the order of custody must be applied for in the original proceeding or at least in the same forum. It is not necessary that the original case should have been retained on the docket. A motion that it be reinstated is sufficient to place it there. Keith v. Keith, 270 Ky. 655, 110 S.W.2d 424.

The judgment is affirmed.