**RODNEY v. ADAMS.**

Court of Appeals of Kentucky.

May 28, 1954.

James E. Banahan, Lexington, for petitioner.

Chester D. Adams, Charles Landrum, Lexington, for respondent.

CULLEN, Commissioner.

Rosalie Emily Rodney (Rankin) seeks an original writ from this Court to prohibit the honorable Chester D. Adams, Judge of the Fayette Circuit Court, from proceeding, in a certain action pending in his court, to determine who is entitled to the custody of a nine-year-old child of the petitioner and her divorced husband, Carroll S. Rankin.

The Rankins were divorced by a judgment of a district court of Nevada in August 1946. The judgment awarded to Mrs. Rankin the custody of their infant son, then one year of age, and ordered the husband to pay $20 per week for support of the child. Following the granting of the divorce, Mrs. Rankin left Nevada, and in 1947 she established a permanent residence in Florida, where she and the child have since resided.

In 1949, Mr. Rankin made application to the Nevada court for a modification of the divorce decree, with respect to custody of the child and payments for the child's support. Notice of this application was served upon Mrs. Rankin by constructive service, and she did not appear or defend. The Nevada court entered an order modifying the divorce decree by awarding custody of the child to Mr. Rankin, and directing that the support payments be reduced to $10 per week until such time as Mr. Rankin should obtain actual custody, at which time the payments would cease.

It is admitted in this proceeding that neither Mrs. Rankin nor the child were either physically present or legally domiciled in Nevada at the time of the modification of the divorce decree, and it is further admitted that Mrs. Rankin's removal of herself and child from the State of Nevada, in 1946, was a lawful removal and was not made to deprive the Nevada court of jurisdiction over her, nor was the removal prohibited by the laws of Nevada or by any order or rule of court.

Sometime prior to 1953, Mr. Rankin established his residence in Kentucky, and in July 1953 Mrs. Rankin filed an action against him, in the Fayette Circuit Court, seeking to recover support payments for the child. She alleged the existence and terms of the original Nevada decree of divorce, and asserted that Mr. Rankin was delinquent to the extent of $6,800 in the payments due under that decree, which she alleged was in full force and effect. She prayed for judgment in the amount of $6,800 for the delinquent payments, and further prayed "that the defendant be required to start making and continue to make the weekly maintenance payments in the amount of $20 per week."

Mr. Rankin answered, setting forth various defenses, and then, by way of counterclaim, asked the court to award him custody of the child. In the counterclaim he set forth the 1949 order of the Nevada court, modifying the original divorce decree, and asked the court to enforce that order. He further alleged that he was ready, willing and able to care for the child, and prayed that the court grant him custody.

In accordance with the Rules of Civil Procedure, Mrs. Rankin moved to dismiss the counterclaim, on the ground that the court had no jurisdiction over the subject matter. Judge Adams overruled the motion, and in a written memorandum indicated that his ruling was based upon the view that Mrs. Rankin had submitted herself to the jurisdiction of the court and therefore could not complain if the court undertook to determine custody of the child.

In the proceeding before us, Mrs. Rankin seeks to prohibit Judge Adams only from trying the counterclaim and assuming jurisdiction to award custody; she does not question that the judge may try any issues relating to the liability for support payments and the amount of payments due.

Although we do not consider it important, it perhaps should be mentioned that

the child is not physically in Kentucky, nor, for that matter, is Mrs. Rankin.

In approaching the problem presented, we find that this Court has firmly adhered to the view that jurisdiction to award custody of a child depends upon the *domicile* of the child. Callahan v. Callahan, 296 Ky. 444, 177 S.W.2d 565; Shippen v. Bailey, 303 Ky. 10, 196 S.W.2d 425; Abbott v. Abbott, 304 Ky. 167, 200 S.W.2d 283; Marlar v. Howard, 312 Ky. 209, 226 S.W.2d 755; Chamblee v. Chamblee, Ky., 248 S.W.2d 422; Chamblee v. Rose, Ky., 249 S.W.2d 775. The only exception is where the child, once having been within the jurisdiction of the court, has been removed in violation of a statute or order of court, for the purpose of avoiding jurisdiction. Marlar v. Howard, 312 Ky. 209, 226 S.W.2d 755; Chamblee v. Rose, Ky., 249 S.W.2d 775.

We recognize that courts of some other jurisdictions have taken a different view, as indicated by notes in 116 A.L.R. 1309, and 4 A.L.R.2d 7, but we are committed to the view above expressed and believe it to be sound.

We cannot agree with Judge Adams' opinion that the mother of the child, by invoking the processes of the court to compel the father to make support payments, has submitted the question of custody to the court's jurisdiction. The question is one of jurisdiction of *subject matter*, Chamblee v. Rose, Ky., 249 S.W.2d 775, and it is a firm rule that the parties cannot, by appearance, agreement, estoppel or otherwise, confer jurisdiction of *subject matter* upon a court. Davis v. Ward, 227 Ky. 634, 13 S.W.2d 783. Jurisdiction of the *parties* who desire a determination of their rights in a subject matter is not enough; there also must be jurisdiction of the subject matter itself.

While there are no Kentucky decisions on the specific point, the courts of at least two other states have held that if a child is not domiciled within its jurisdiction, a court cannot award custody even though both parents appear and ask the court for an award of custody. Giachetti v. Giachetti, 157 Fla. 259, 25 So.2d 658; Ritchison v. Ritchison, 28 Tenn.App. 432, 191 S.W.2d 188.

Since the Rankin child has an actual domicile in Florida, it would appear that the Kentucky courts have no jurisdiction to determine custody, unless, by virtue of the modified Nevada decree, the constructive domicile of the child is with the father in Kentucky. This requires a determination of whether the Kentucky courts will give full faith and credit to the modified Nevada decree.

Under the line of cases first cited in this opinion, this Court is committed to the view that full faith and credit will not be given to a decree of a foreign court awarding custody of a child, where the child was not domiciled in the foreign state at the time of institution of the proceeding seeking custody, unless the child was removed from the jurisdiction of such foreign state in violation of a statute or of an order of court entered at a time when the child was in the jurisdiction. In the case before us, it is admitted that the Rankin child was not domiciled in Nevada at the time of the filing of the application to modify the divorce judgment, and the child's removal from Nevada prior to that time was not in violation of a statute or court order. Therefore, the modified decree cannot be given full faith and credit to the extent of placing constructive domicile of the child with the father in Kentucky.

It is our opinion that the Fayette Circuit Court does not have jurisdiction to make an award of custody. However, the court does have full jurisdiction to pass upon all issues concerning support payments, and may consider the question of who should have custody to the extent that it bears on the question of liability for future support payments. We call attention to Williams v. West, Ky., 258 S.W.2d 468, in which it was held, under the particular circumstances, that a father should not be compelled to make payments to the divorced mother for support of a handi-

capped adult child domiciled in Texas, so long as the father was willing to support the child in his own home in Kentucky.

Nothing in this opinion is intended to limit the power of the circuit court to determine what effect will be given to those provisions of the modified Nevada decree concerning support payments. In this regard, see Ex parte Webb, Tex., 266 S.W.2d 855, and Grubbs v. Grubbs, Texas Civ.App., 164 S.W.2d 216, in which it was held that jurisdiction to fix liability for support payments depends upon different considerations than does jurisdiction to award custody.

An original writ will issue, to the extent only of prohibiting the respondent from assuming jurisdiction to make an award of physical custody of the Rankin child.

Judges Cammack and Stewart dissent, being of the opinion that the questions of support and custody are inseparable and the Fayette Circuit Court has jurisdiction to determine both questions.