Delbert C. STEWART, Appellant,

v.

Velmer Stewart SANDIFUR, Appellee.

Court of Appeals of Kentucky.

Oct. 26, 1956.

Marvin J. Sternberg, Louisville, for appellant.

Rollin Gibbs, Louisville, for appellee.

MONTGOMERY, Judge.

The parties to this appeal were formerly husband and wife. They were divorced in 1947 by a judgment of the Ohio Circuit Court. By the judgment, appellant was obligated to pay $15 per month to appellee for the maintenance of their child. At that time, all parties resided in Ohio County. At present, all parties, including the child, are residents of Jefferson County. Appellant and appellee each have taken another spouse.

This action was filed by appellee. She sought an increase in the amount of the monthly payment for the child because of an alleged change of circumstances. She also asked that appellant be punished for contempt for failure to pay the monthly payments adjudged in Ohio County.

The lower court dismissed the complaint as to the contempt charge, but entered a judgment increasing the amount for the maintenance of the child.

Appellant urges that the judgment is erroneous because the Ohio Circuit Court retains exclusive jurisdiction and the Jefferson Circuit Court had no jurisdiction.

The lower court recognized the rule as set forth in Weightman v. Hamilton, Ky., 261 S.W.2d 680, 681:

"It is the power to adjudicate concerning the subject matter of a given case that gives the court jurisdiction. The subject matter is the custody and welfare of the child, and jurisdiction of a tribunal having once attached is continued exclusively for all purposes; it is not lost by removal of the child from the county in the same state. * * *"

This rule has long been established. See cases cited in the Weightman opinion.

The lower court cited the following dictum from that opinion as the basis for its decision:

"It may be in an unusual case that the welfare of the child requires that a court into whose jurisdiction he has been physically removed should assume control, but certainly the present is not such a case."

The court reasoned that it would be more convenient to litigate the matter in Jefferson County than in Ohio County since all parties were at that time located in Jefferson County. Such a judgment exhibits consideration on the part of the court, as well as a keen sense of practicality.

The presence of all parties in Jefferson County, rather than in Ohio County, does not justify the Jefferson Circuit Court in taking jurisdiction over the subject matter of a case involving child custody originally adjudicated in Ohio County. Under such a rule, this matter could conceivably be litigated in a successive number of counties if the parties should continue to be in accord in their choice of residence. Thus, the custody and welfare of the child would be subject to litigation in various courts, resulting in a variety of judgments; each modifying the previous adjudication. This could create undesirable confusion which would destroy the orderly process of the judicial system. It would be better for the parties to suffer some inconvenience than to destroy an old and well-established rule of law. The motion to dismiss the complaint for lack of jurisdiction should have been sustained.

Judgment is reversed with directions to enter one in conformity herewith.