James Hayden **IGLEHEART, Jr.,** Appellant,

v.

Mary Louise **IGLEHEART,** Appellee.

Court of Appeals of Kentucky.

Feb. 6, 1970.

Ted L. Igleheart, Shelbyville, for appellant.

John H. Clarke, Jr., Maysville, for appellee.

OSBORNE, Judge.

This is a divorce action. The husband is appealing from that portion of the judgment granting the wife alimony.

The appellant is an ordained Methodist minister. The parties were married for 23 years, during which time appellant served at various churches. They have three children, only one is yet a minor. He has chosen to live with his father. One other child, a daughter over 18 years of age, has also elected to live with her father and attend college, and appellee has not objected. In spite of the length of the marriage, there was no estate to be divided except for household furnishings and an almost new Buick Electra with a large loan, which appellant had recently purchased.

Appellee earns $5,400 a year as a non-tenured fourth-grade teacher in Ohio. She also recently inherited around $65,000 from her mother, most of which is tied up in a farm.

Appellant is teaching at a church-related college. He is earning $9,000 a year. In addition to his divinity degree, he holds a master's and a doctorate.

Appellant originally filed for divorce, however, the chancellor granted the divorce to the wife. He also gave her alimony in the amount of $112 a month, which represents 15% of appellant's present income.

Appellant contends that appellee should have received no alimony because she has adequate estate of her own. We are inclined to agree. KRS 403.060 provides:

> "If the wife does not have sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that of her husband as the court considers equitable * * *."

Here the parties had accumulated no estate between them during the course of the marriage. As of this time, the husband has no estate out of which the court may allow the wife an "equitable" amount. In some instances we have considered the husband's future earning power and made allowances from that where the wife was in dire need. However, here the wife has $65,000 which would produce an income of $3,900 per annum if invested at 6% interest. Last year she earned $5,400 from teaching school. From the above it would seem her expected annual income is approximately the same as her husband's and he is supporting two children. She has no one to support but herself. In view of these figures, we are hard put to determine what is an "equitable" amount to be taken from the husband's estate.

In Beutel v. Beutel, 262 Ky. 805, 91 S.W.2d 528, we held that a wife's estate in the amount of $16,500 was sufficient to not entitle her to alimony where the husband had no estate of his own and the possibility of only a meager income. Alimony is not and has never been intended as a penalty for breach of the marriage contract. The record in this case would indicate that the fault is upon the husband. However, this fact alone should not work a legal hardship nor an injustice insofar as settlement

of property affairs is concerned. In view of the size of the wife's estate, we are of the opinion that the chancellor abused his discretion when he awarded alimony at this time considering the husband's obligation to support and educate two children.

Judgment reversed.

HILL, C. J., and MILLIKEN, PALMORE and STEINFELD, JJ., concur.

NEIKIRK and REED, JJ., dissent.