**Oudadiah REYNOLDS, Appellant,**

v.

**Darrell Walter REYNOLDS, Appellee.**

Court of Appeals of Kentucky.

Oct. 9, 1970.

C. B. Creech, Creech & Hogg, Ashland, for appellant.

Eldon Webb, Ashland, for appellee.

PALMORE, Judge.

Oudadiah Reynolds appeals from that portion of a divorce decree against her husband, Darrell Reynolds, which pertains to alimony.

The parties were married in 1946. When the evidence was taken last year Oudadiah was 39 and Darrell 44 years of age. He is a carpenter and back-up foreman at Arm-co Steel Company in Ashland and does some work on the side as a television repairman. She is employed by the General Telephone Company. They have three children, the oldest of whom is grown and the other two are of high-school age. After settling the property rights the chancellor awarded Oudadiah $100 per month for each of the two younger children and $50 per month as alimony, together with the exclusive right to occupy a jointly owned home, all subject to further orders of the court. Oudadiah contends that the amount of alimony is inadequate and that she is entitled to a lump-sum award.

Our review of the case is hampered by the lack of specific findings of fact, particularly with respect to property values. Sometimes it seems that CR 52.01 is honored more in the breach than the observance. However, we are able to deduce enough to convince us that the judgment is not clearly erroneous.

There were two items of real estate, the Jones Subdivision property and the home on Lynnhaven Court. The rental of $75 per month from the Jones Subdivision property, which is tax-assesssed at $8,400, suggests that it may have a fair cash value of $9,000. Certainly there was no evidence that it would bring more than that. After deducting a mortgage debt of $5,429 this property has a maximum net value of $3,-571. It was awarded to Darrell. Oudadiah conceded in her testimony that she had not put any money in it. The Lynnhaven Court place was purchased at a cost of $30,000. It is tax-assessed at $26,000 and there was no evidence of a market value greater than $30,000. The down payment was made out of credit union funds accumulated by Darrell. Over a period of five years Oudadiah made the mortgage payments of $127 per month out of her own income and reduced the principal balance by $4,390.47—that is, from $13,022.94 to $8,621.57. Deducting this balance from $30,000 leaves a net value of $21,378.43, of which Oudadiah contributed $4,390.47. The chancellor awarded her a one-third interest in fee, or the equivalent

of $7,126.14, which is $2,735.67 more than the amount of her direct contribution.

The parties had two automobiles, a Volkswagen and a 1967 Cadillac on which Darrell had made a down payment of $2,100 and Oudadiah had kept up the subsequent mortgage payments out of her separate income. The chancellor awarded the Cadillac to Oudadiah and the Volkswagen to Darrell. Whatever, if anything, Oudadiah may have contributed toward the Volkswagen was not shown, nor was its value. Subject of course to depreciation, it can be said that the chancellor's disposition of the automobiles gave Oudadiah $2,100 more than she had put in, regardless of the amount of her contribution.

In addition to the items thus far enumerated Oudadiah paid $1,700 for carpeting, and it appears that the furniture and furnishings were acquired through the joint efforts of the parties. Except for certain specified items the furniture and other household effects were awarded to Oudadiah.

Darrell has a $5,000 paid-up life insurance policy and a $1,900 policy which will be paid up in eight years or so. The cash value of these policies was not shown. He owes an unspecified balance to the credit union and a couple of other obligations amounting to about $100.

The child-support payments of $100 per month per child will continue until the respective children reach the age of 18. Oudadiah has a lien on Darrell's interest in the Lynnhaven Court property to secure payment of the alimony, child support, costs, and his two-thirds share of taxes and mortgage installments.

Summing up the property situation, it may be seen that Darrell has equities totalling $17,823 in the two pieces of real estate, a Volkswagen of undetermined value, and two small life insurance policies of undetermined value. He has debts in an undetermined amount and no liquid assets. The chancellor awarded periodic alimony aggregating $600 per annum for an indeterminate time, subject to adjustment. Assuming that Darrell remains in good health and employed for another 20 years and that the amount of alimony is not changed, at 6% the award is worth $6,882, that being the sum that would be required to buy a $600 twenty-year annuity.

■ According to the judgment Darrell's monthly income is $1026 out of which he must pay at least $418 on fixed obligations (including his two-thirds share of the monthly home-loan installment), leaving $608, and Oudadiah's monthly income is $390 out of which her payments on the house and Cadillac will take $124, leaving $266. Therefore, when $250 is transferred in the form of alimony and maintenance payments he will have $358 and she will have $516, of which latter amount $200 is for the children and $316 for herself. In addition, she and the children have the occupancy of the home. Though alimony of $50 per month, standing alone, would seem inadequate to a style of living encompassing a Cadillac automobile, it must be remembered that the wife's financial resources also have an important bearing on what should be required.

■ Darrell apparently was greatly at fault in bringing about the ruin of his marriage, but punishment is not the object of alimony. Igleheart v. Igleheart, Ky., 450 S.W.2d 239, 240 (1970). Nor is the award of alimony in a lump sum so favored that a reversal must always result when it could have been so awarded but was not. It could have been done here, in which event Darrell would be forced to sell either the Jones Subdivision property or his interest in the home. In the absence of a reconciliation, sooner or later a sale of one or both undivided interests is inevitable. The periodic award is subject to adjustment. The chancellor may have in mind striking a final lump sum settlement when the time comes for disposing of the home or the uniting of its title in one party or the other. Cf. Cooke v. Cooke,

Ky., 449 S.W.2d 216, 218 (1969). Certainly we cannot say he has abused his discretion in establishing an open-end award of periodic alimony for the time being, nor can we say that the amount is clearly insufficient, either from the standpoint of Darrell's apparent net worth or from the standpoint of the respective earning powers of the parties.

The judgment is affirmed.

All concur.